IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JOHN FLYNN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED;<br><br>Plaintiff,<br><br>vs.<br><br>SHELL CHEMICAL APPALACHIA, LLC,<br><br>Defendant, | 2:24-CV-00193-MJH |

OPINION AND ORDER

Plaintiff, John Flynn, brings this putative class action against Defendant, Shell Chemical Appalachia, for Negligence (Count I), Private Nuisance (Count II), Public Nuisance (Count III), and Trespass by Fugitive Dust (Count IV), in relation to Shell's ownership, operation, and maintenance of the ethylene cracker plant Beaver, Pennsylvania. (ECF No. 28). Shell moves to dismiss Counts I and IV pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 29).

Upon consideration of Plaintiffs' Amended Complaint (ECF No. 28), Shell's Motion to Dismiss (ECF No. 29), the respective briefs (ECF Nos. 30, 34, and 35), and for the following reasons, Shell's Motion to Dismiss will be granted in part and denied in part.

I.      Background

Plaintiff's claims are based upon alleged noxious odors, fugitive dust, and light emissions from Shell's ethylene cracker plant facility located in Beaver County (ECF No. 28 at ¶¶ 1-2). The Amended Complaint asserts claims for Negligence (Count I), Private Nuisance (Count II), Public Nuisance (Count III), and Trespass by Fugitive Dust (Count IV).

Shell moves to dismiss Plaintiff's Negligence (Count I) and Trespass (Count IV) claims.

II.     Relevant Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief [*5] above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs. Ltd.*, 2008 U.S. Dist. LEXIS 44192, 2008

WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III.   Discussion

A. Negligence (Count I)

Shell argues that Plaintiff's Negligence claim should be dismissed because the Amended Complaint cannot establish that Shell owed Mr. Flynn or the putative class any cognizable legal duty to support a separate negligence claim. Shell maintains that Plaintiff cannot repackage his

nuisance claims to establish a legal duty under a negligence theory. Further, Shell contends that Plaintiff fails to sufficiently allege any physical property harm or damage as a requisite element of his negligence claim.

Plaintiff argues that case law, in the industrial emissions context, demonstrates that Shell owes a common law duty to exercise reasonable care. Plaintiff also maintains that the Amended Complaint sufficiently alleges property damage from noxious odors, dust, and chemicals which resulted in diminution of property value.

In response, Shell asserts that Plaintiff has not sufficiently alleged physical damage because the Amended Complaint has not alleged permanent or irremediable damage to property, or any permeation or infiltration of Plaintiff's property.

1. Duty

Under Pennsylvania law, "[i]t is axiomatic that in order to maintain a negligence action, the plaintiff must show that the defendant had a duty to conform to a certain standard of conduct; that the defendant breached that duty; that such breach caused the injury in question; and actual loss or damage. Of these four elements, the primary one is whether the defendant owed a duty of care. To determine whether the defendant owed a duty of care, [a court] must weigh the following five factors: (1) the relationship between the parties; (2) the social utility of the defendant's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the defendant; and (5) the overall public interest in the proposed solution." *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1008 (Pa. 2003) (internal citations and quotations omitted).

In *Baptiste v. Bethlehem Landfill Co.*, the Third Circuit explained that a plaintiff can rely on the same conditions for nuisance to state a separate negligence claim if there is an allegation

of a breach of a legal duty. 965 F.3d 214, 228 n.10 (3d Cir. 2020). In particular, *Baptiste* held that "in Pennsylvania, a duty of reasonable care attaches to persons undertaking affirmative, risk-causing acts." *Id*. at 228 n.11 (citing *Dittman v. UPMC*, 649 Pa. 496, 196 A.3d 1036, 1046 (2018)). "[Such acts] include the operation of industrial sites." *Id*.

Here, with regard to duty, Plaintiff sufficiently alleges that Shell is engaging in affirmative, risk-intensive conduct through an industrial ethylene cracking process and an expansive wastewater treatment operation. (ECF No. 28 at ¶ 30). Therefore, a duty may attach for Shell to operate its facility in a way that does not cause unreasonable risk of harm to others.

2. Cognizable Harm or Damage

In *Baptiste*, the Third Circuit explained that, to state a claim for physical damage in the industrial context, "it is not difficult to conceive how the presence of hazardous particulates in the air could constitute physical property damage if these pollutants infiltrate physical structures." *Id.* at 229 n.12. *Baptiste* also referenced contamination of groundwater through seepage into wells and hazardous contaminants that "have physically invaded the plaintiffs' property and 'permeated the walls.'" *Id.*

Likewise, in *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717 (3d Cir. 1994), the Third Circuit determined that plaintiffs could make out a claim for diminution of value of their property without showing permanent physical damage to the land if: "(1) defendants have caused some (temporary) physical damage to plaintiffs' property; (2) plaintiffs demonstrate that repair of this damage will not restore the value of the property to its prior level; and (3) plaintiffs show that there is some ongoing risk to their land." *Id.* at 798.

Here, the Amended Complaint does not sufficiently allege the infiltration into Plaintiff's physical structure which has caused physical damage under a negligence theory. The only

5

permeation or infiltration alleged is from one putative class member who asserts that they have had to perform extra dusting inside the house since the Shell plant opened. However, the Plaintiffs have not averred any precise connection between the alleged extra dusting within the structure of the house and damages for diminution of property value in line with the requirements outlined in *Paoli*. Therefore, without sufficient allegations of property damage caused by dust permeating Plaintiff's residence *and* averments demonstrating a nexus between said permeation and dimunition in property value, the Amended Complaint fails to state a claim for negligence.

Accordingly, Shell's Motion to Dismiss Count I will be granted. Plaintiff will be granted leave to amend to the extent he can demonstrate the requisite factors outlined above in both *Baptiste* and *Paoli*.

B. Trespass (Count IV)

Shell next contends that Plaintiff cannot support a claim for trespass, because the Amended Complaint does not allege any well-pleaded facts to plausibly show that Shell intentionally invaded Plaintiff's property with odors or intentionally deposited fugitive dust onto Plaintiff's property. Plaintiff argues that Shell ignores critical factual allegations in the Complaint, and it is at best premature to dismiss Plaintiff's trespass claim.

"One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally … enters land in the possession of the other, or causes a thing or a third person to do so[.]" Restatement (Second) of Torts § 158 (1965) (emphasis added). "The [Restatement] comment to clause (a) provides that 'it is not necessary that the foreign matter should be thrown directly and immediately upon the other's land,' and that instead '[i]t is enough that an act is done with knowledge that it will to a

substantial certainty result in the entry of the foreign matter.'" *Commonwealth v. Monsanto Co.*, 269 A.3d 623, 654 (Pa. Commw. Ct. 2021) (quoting Restatement (Second) of Torts § 158, cmt. a).

"In order for defendant to be liable for an intentional trespass, it is not necessary that he perform his act for the purpose of entering on plaintiff's land. It is sufficient if he knows that his conduct will result in such an entry inevitably or to a substantial certainty." *Buckley Motors, Inc., v. Amp, Inc.*, 23 Pa. D. & C.2d 324, 328 (Pa. Ct. Com. Pl. 1961) (citing Restatement of Torts §163, cmt. c). As noted by other courts, "it is easier to infer the necessary intent to cause trespass of things, as opposed to persons. Piles of sand, dirt, and biosolids are inanimate objects. They go where they are placed and answer only to the laws of physics and gravity." *Commonwealth v. Monsanto Co.*, 269 A.3d at 654 n. 21 (Pa. Commw. Ct. 2021).

Here, the Amended Complaint avers "[n]umerous complaints of odor and dust have been submitted to PADEP by neighboring residents regarding odor, dust, and other noxious emissions from Defendant's Facility." (ECF No. 28 at ¶22). Further, Plaintiff alleges Shell's fugitive dust emissions into the surrounding community have been the subject of numerous media reports, and that the PADEP issued a Notice of Violation for the offsite emission of fugitive particulate matter. *Id*. Such allegations sufficiently infer a trespassory intent for Shell's industrial emissions that have allegedly entered upon Plaintiff's land.

Accordingly, Shell's Motion to Dismiss Count IV, will be denied.

ORDER

Upon consideration of Plaintiffs' Amended Complaint (ECF No. 28), Shell's Motion to Dismiss (ECF No. 29), the respective briefs (ECF Nos. 30, 34, and 35), and for the following reasons, Shell's Motion to Dismiss is granted in part and denied in part.   Shell's Motion to

Dismiss Count I, Negligence, is granted. Count I is hereby dismissed. Shell's Motion to Dismiss Count IV, Trespass, is denied. Plaintiff will be permitted to amend Count I if he can cure the defects outlined in this Court's Opinion. Any amendment shall be filed on or before November 18, 2024. Defendant shall answer or otherwise respond to either the First Amended Complaint or Second Amended Complaint on or before December 2, 2024.

DATED this 4th day of November, 2024.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge