IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JOHN FLYNN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED;<br><br>Plaintiff,<br><br>vs.<br><br>SHELL CHEMICAL APPALACHIA, LLC,<br><br>Defendant, | 2:24-CV-00193-MJH |

**OPINION AND ORDER**

Plaintiff, John Flynn, moves for leave to file a Second Amended Complaint to his putative class action to add additional named plaintiffs whose residences are geographically located in different portions of the proposed class area and to add a putative class representative who is a renter of residential property. (ECF No. 76). The motion is ripe for decision.

Upon consideration of Mr. Flynn's motion (ECF No. 76), the respective briefs (ECF Nos. 77 and 79), and for the following reasons, Mr. Flynn's Motion to file a Second Amended Complaint will be granted.

I.   Background

Plaintiff's claims are based upon alleged noxious odors, fugitive dust, and light emissions from Shell's ethylene cracker plant facility located in Beaver County (ECF No. 28 at ¶¶ 1-2). The First Amended Complaint asserted claims for Negligence (Count I), Private Nuisance (Count II), Public Nuisance (Count III), and Trespass by Fugitive Dust (Count IV).

Shell moved to dismiss Plaintiff's Negligence (Count I) and Trespass (Count IV) claims. On November 4, 2024, the Court dismissed Plaintiff's Negligence claim. (ECF No. 37).  On

1

February 3, 2025, the Court executed an Order adopting the parties' stipulations as follows:

> Upon consideration of the stipulation of the Parties, the Court hereby sets the following deadlines, without prejudice to either Party's right following the Court's ruling on class certification to (1) request amendment to, or modification of, these deadlines or (2) move to amend or to add parties under applicable rules:
>
> • January 31, 2025 – Deadline to Amend Pleadings
>
> • January 31, 2025 – Deadline to Add Parties

(ECF No. 51). On September 15, 2025, the Court, following review of Plaintiffs' Motion to Extend Scheduling Order, extended the deadline to amend pleadings until November 21, 2025 and to conduct class certification fact discovery until February 27, 2026. (ECF No. 75). Said motion and order were silent on any extension of the deadline to add parties. On November 21, 2025, Mr. Flynn moved to amend his putative class action complaint by adding proposed plaintiffs, Michael Naumoff and Brandon Smith. (ECF No. 76).

In his First Amended Complaint, Mr. Flynn sought to represent a class defined as follows:

> All owner/occupants or renters of residential property from 2 years of the filing of this Complaint to the present who are located within a two (2) mile radius of the Facility.

(ECF No. 28 at ¶ 31). As to himself, individually, Mr. Flynn averred as follows:

> 'I cannot sit on my patio without the smell or noise from this plant. Sounds like a freight train 24 hours a day, some nights there is a bright glow in the sky.' Plaintiff further reported that the odors were so severe that they caused him to experience temporary physical discomfort, such as headaches.

*Id*. at ¶ 24. Mr. Flynn's proposed Second Amended Complaint adds the following substantive averments:

> 4. At all times relevant hereto, Plaintiff Michael Naumoff rents a home, where he has resided and intends to remain, at 104 Fronko Street, Monaca Pennsylvania 15061. Plaintiff is a citizen of the State of Pennsylvania.

5. At all times hereto, Plaintiff Brandon Smith owns a home, where he has resided and intends to remain, at 121 Aspen Dr. Beaver Pennsylvania 15009. Plaintiff is a citizen of the State of Pennsylvania.

\*\*\*

28. Plaintiff Michael Naumoff reported that Defendant's odors have been pungent enough to wake him from his sleep, and that the smell can be detected "throughout the house." Mr. Naumoff stated that the odors from Defendant's Facility are strong enough to "make my eyes water" and cause him temporary physical discomfort.

29. Plaintiff Brandon Smith stated that the offensive odors emanating from Defendant's facility have been a near "daily occurrence." Mr. Smith reports experiencing a constant smell of burning plastic and other offensive odors from Defendant's Facility. The odors are severe enough to cause Plaintiff to experience temporary physical discomfort, including discomfort breathing.

(ECF No. 77-1 at ¶¶ 4, 5, 28, and 29).

II.  Discussion

Mr. Flynn argues the addition of new plaintiffs-putative class representatives is timely brought to supply the Court with a representative sample of putative class members prior to Plaintiff's anticipated Motion for Class Certification. Mr. Flynn asserts that he moved to amend within the timeframe permitted by the stipulated scheduling order for amendment of the pleadings, and well within the class certification discovery period, which ends on February 27, 2026. Accordingly, Mr. Flynn contends there is no undue delay in bringing this motion, and Shell will not be prejudiced by the proposed amendment.

Shell contends Mr. Flynn's motion is untimely, and it would be prejudiced by the additional discovery, cost, and preparation required to defend against new facts and theories. Shell further maintains that any new factual allegations will require significant additional written discovery, as well as depositions of the new named plaintiffs, adding to Shell's defense costs and

requiring that Shell defend against different and/or additional factual allegations and theories of harm. Finally, Shell argues that the data sheet responses submitted by Naumoff and Smith suggest they are asserting personal/physical injury claims, which Shell asserts that Mr. Flynn has represented to this Court he does not seek to assert on behalf of the class.

Whether a court will grant a party's request for leave to amend pleadings is typically governed by Federal Rule of Civil Procedure 15, which states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). In instances, however, where the court has entered a scheduling order, a party seeking to amend pleadings after the deadline set by the court to do so may modify the scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Third Circuit has made clear that a party seeking to amend its complaint after a scheduling deadline has passed must first satisfy the "good cause" standard, and only once the party has demonstrated good cause may the court consider the request to amend under the more liberal standard of Rule 15(a). *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). The moving party thus bears the burden of establishing "good cause" for its tardiness. *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. 2010).

A court's analysis under the "good cause" standard of Rule 16 must focus "on the diligence of the party seeking the modification of the scheduling order." *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010) (internal citations omitted); *see Sang Geoul Lee v. Won Il Park*, 720 F. App'x. 663, 669 (3d Cir. 2017) (affirming the district court's decision to deny leave to amend because the moving party's attorney was "not diligent in seeking amendment"). Accordingly, if the moving party "was not diligent, there is no 'good cause' for modifying the scheduling order." *Bolus v. Carnicella*, 2020 WL 6203056, at *3 (M.D. Pa. Oct.

22, 2020) (quoting *Banks v. City of Philadelphia*, 309 F.R.D. 287, 290 (E.D. Pa. 2015) (citation omitted)).

If a moving party sufficiently shows that there was good cause for the court to allow for modification of the scheduling order, the court must next turn to Rule 15 under the Federal Rules of Civil Procedure. Rule 15(a) provides, in pertinent part, that after a responsive pleading, a party may amend its pleading "only with the opposing party's written consent or the court's leave," whereas "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In the absence of substantial or undue prejudice to the non-moving party – which "is the touchstone for the denial of an amendment" – the court may only deny the motion if the moving party exhibited "bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (citation omitted); *see also USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004). "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

Here, the Court must strike a balance with Mr. Flynn's request, Shell's concerns, the parties' expectations in their consented-to scheduling orders, and the Rules of Civil Procedure. First, an examination of the scheduling deadlines in this case suggests that Mr. Flynn met the deadline to amend his First Amended Complaint, but the joinder of additional parties' deadline had passed.   Even so, Mr. Flynn's proposed Second Amended Complaint does not add substantive claims or significant factual allegations other than the four paragraphs (4, 5, 28, and

5

29) related to Mr. Naumoff and Mr. Smith recited above. In fact, Mr. Naumoff and Mr. Smith conform with the scope of the class definition of, "[a]ll owner/occupants or renters of residential property from 2 years of the filing of this Complaint to the present who are located within a two (2) mile radius of the Facility." Hypothetically, Mr. Flynn, having met the amended pleading deadline, could have added new theories, claims, and allegations that could have complicated or prolonged discovery. He did not do so here. Instead, he adds two named parties to a putative class action that may contain upwards to 75 class members.

      Second, as to concerns regarding discovery, Mr. Flynn moved to amend about three months before the discovery deadline. While said deadline may need to be adjusted based upon the date of this decision, Mr. Smith and Mr. Naumoff's allegations do not introduce any particularly complex theories or facts that would not otherwise apply to Mr. Flynn or other putative class members. Finally, Shell raises concerns about allegations by Mr. Smith and Mr. Naumoff raising personal/physical injury claims. While the proposed Second Amended Complaint contains allegations related to the physical impact of the Shell plant, a fair reading of the pleading only supports that the putative class action seeks damages related to property.[1] Therefore, without a cause of action that supports damages for physical/personal injury, any allegations of the same may be impertinent to this case, and Shell would need not delve into discovery topics outside of Plaintiffs' claim for property damage. Thus, given the context of a putative class action, the limited scope of the amendment, and the scheduling deadlines, the Court will permit Mr. Flynn's amendment.

---

[1] At the Court's request, Plaintiff's counsel has confirmed via Declaration (ECF No. 80) that Mr. Smith and Mr. Naumoff live within the proposed class area and will not be seeking personal/physical injury claims.

III.   Conclusion and Order

Based upon the foregoing, Mr. Flynn's Motion to File an Amended Complaint is Granted. Mr. Flynn shall file his Second Amended Complaint as attached to his motion (ECF No. 77-1) forthwith. The parties shall confer and file any proposed scheduling modifications that may be needed given the timing of this disposition.

**SO ORDERED** this 3rd day of February 2026.

Marilyn J. Horan
United States District Judge